# IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| PRIMERICA LIFE INSURANCE COMPANY | * * | |
| PLAINTIFF | * * | |
| V. | * * * | CASE NO. 4:17CV00272 SWW |
| BETTY JO WOODALL and ILA ELAINE REID | * * | |
| DEFENDANTS | * | |

## ORDER

Primerica Life Insurance Company ("Primerica") filed an interpleader complaint pursuant to the Court's diversity jurisdiction and Rule 22 of the Federal Rules of Civil Procedure for a determination of the rights of Betty Jo Woodall ("Betty Jo") and Ila Elaine Reid ("Ila"), adverse claimants to life insurance proceeds on a policy (the "Policy") issued to Garvin Reid ("Garvin").[1]  Ila counterclaimed, charging Primerica with breach of contract for failure to pay her the policy proceeds.  Now before the Court are (1) Primerica's motion for summary judgment as to Ila's counterclaim [ECF Nos. 58, 59, 60], Ila's response in opposition [ECF Nos. 71, 72, 73], and Primerica's reply [ECF No. 74]; (2) Betty Jo's motion for summary judgment as to the rightful beneficiary [ECF Nos. 65, 66, 67] and Ila's response in opposition [ECF Nos. 75, 76, 77]; and (3) Ila's motion for summary judgment as to the rightful beneficiary [ECF Nos. 69, 68, 70], Betty

---

[1]For the sake of clarity and to avoid confusion, the Court will refer to Betty Jo (formerly Reid) Woodall, Ila Reid, and Garvin Reid by their first names.

1

Jo's response in opposition [ECF Nos. 78, 79, 80], Primerica's response in opposition [ECF Nos. 83, 84, 85],[2] and Reid's reply [ECF Nos. 86, 87]. After careful consideration, and for reasons that follow, the Court grants Primerica's motion for summary judgment as to Ila's counterclaim and grants Ila's motion for summary judgment as to the rightful beneficiary entitled to policy proceeds.

I.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)
The non-moving party may not rest on mere allegations or denials of his pleading but must come forward with 'specific facts showing a genuine issue for trial. *Id*. at 587. "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).

II.

Unless otherwise noted, the following facts are undisputed. On August 25, 1986, Primerica, then known as Massachusetts Indemnity and Life Insurance Company, issued a life insurance policy to Garvin (the "Policy") insuring his life in the face amount of $100,000. The Policy included spousal term insurance or a spousal rider, which provided a $50,000 payment to Garvin, if alive, upon the death of the insured spouse. The Policy named "Betty Jo Reid" as both the principal beneficiary and the insured spouse, and

---

[2]Primerica takes no position as to the rightful beneficiary but opposes Ila's motion only to the extent that she seeks summary judgment on her counterclaim.

Garvin and Betty Jo's children (Kristy, Misty, Jodie, and Jerry) were the designated contingent beneficiaries.

Garvin and Betty Jo divorced in 1992, and Betty Jo is now named Betty Jo Woodall. Garvin married Ila on July 10, 1993. In October 2001, Garvin contacted Primerica to confirm the identity of the Policy beneficiary, and by letter dated October 5, 2001, Primerica informed Garvin that "Betty Jo Reid" was still listed as the principal beneficiary.

On April 10, 2002, at Garvin's request, Primerica mailed him a form titled "MULTIPURPOSE CHANGE FORM." Later that month, Primerica received a MULTIPURPOSE CHANGE FORM, dated April 21, 2002, signed by Garvin, Ila, and two witnesses.[3] The form had three main sections, clearly separated by box borders. The first section was titled "NAME CHANGE;" the second, "TRANSFER OWNERSHIP;" and the third, "CHANGE BENEFICIARY." The "CHANGE BENFICIARY" section had three subsections: "PRINCIPAL BENEFICIARY," "CONTINGENT BENEFICIARY," AND "SPOUSE RIDER BENEFICIARY."

Garvin completed the NAME CHANGE and CHANGE BENEFICIARY sections of the form that he submitted to Primerica. In the "NAME CHANGE" section, a handwritten checkmark appeared beside the selection "Insured Spouse;" "Betty Reid" is written on a line reserved for "Prior Name;" "Ila Elaine Reid" is written on a line reserved for "New Name;" and "marriage" is written on a line reserved for "Reason for

---

[3] ECF No. 58-3.

Change."[4] Under the "CHANGE BENEFICIARY" section, which appears on page 2 of the form, the following language appears:

> All designations of present beneficiaries and elections of settlement options pertaining to death benefits on the referenced Policy are hereby revoked and the proceeds payable under said Policy are to be paid to the following named person[s] as specified below pursuant to the payment provisions of said Policy, with the right to change the designation reserved.[5]

Immediately following the foregoing language, the name "Ila Elaine Reid" is handwritten on a line reserved for the "Principal Beneficiary," the number "100" appears on a line reserved for beneficiary percentage allocation,[6] and the word "wife" is written on a line

---

[4] ECF No. 58-3. Below is a screen shot of the NAME CHANGE portion of the form as completed:

[5] ECF No. 91.
[6] ECF Nos. 58-3 and 91. Below is a screen shot of the CHANGE BENEFICIARY, PRINCIPAL BENEFICARY portion of the form as completed:

4

reserved for relationship to the insured. Garvin also supplied Ila's social security number and birth date, as the form required.

The Policy sets forth the procedure for changing beneficiaries as follows:

> CHANGE OF BENEFICIARY – A change of Beneficiary may only be made by Notice to Us. Such Notice to Us must be signed by you while the insured is still alive. A Beneficiary designated irrevocably may not be changed except with the consent of that Beneficiary. A change of Beneficiary will not be effective until received at our Executive Office. When so received, even if the insured is not then living, the change of beneficiary will take effect on the date the Notice to Us was signed, subject to any payment made by us in good faith before receiving the change.[7]

The Policy defines "You" as "owner of the Policy" and "Notice to Us" as "information we have received at our Executive Office which is written, signed by you, and is acceptable to us."[8]

---

**CHANGE BENEFICIARY**

All designations of present beneficiaries and elections of settlement options pertaining to death benefits on the referenced Policy are hereby revoked and the proceeds payable under said Policy are to be paid to the following named person(s) as specified below pursuant to the payment provisions of said Policy, with the right to change this designation reserved:

**PRINCIPAL BENEFICIARY** Principal Beneficiaries in equal shares to the survivor(s), unless otherwise directed under percentage/amount column. If this is an Irrevocable Beneficiary designation, check here ☐

1. Ila / Elaine / Reid / [redacted] / 100
   [Date of Birth redacted] / Wife (Relationship to Insured)

2. (blank)

3. (blank)

4. (blank)

---

[7] ECF No. 69-1, at 12.
[8] *Id.* at 11.

5

A letter to Garvin from Primerica, dated May 6, 2002, reads as follows:

Dear Policyholder:

We have received your request to process a change on your policy. Unfortunately, we were unable to complete this request without the additional information listed below.

We will need a copy of all legal documents stating that a name change has taken place. Please resubmit all legal documents along with the enclosed form for processing.

If changes are made to the original document(s), they must be initialed and dated by the policy owner. If you have any questions regarding this matter, please call our toll-free Client Services Line.

Primerica mailed the letter to Garvin's address but never received a response.[9] Primerica maintains that it did not change the Insured Spouse or Principal Beneficiary designations after receiving Garvin's change form, and the company's records contain documentation of the following events:

- On July 16, 2015 at 11:00 a.m., Ila called Primerica.[10] The call record, titled "Miscellaneous Comments," lists the inquirer as "Ila Reid (Other)," and the inquiry text reads: "[Advised] caller unable to release info on policy without the primary's authorization." In deposition, Ila explained that she made the call because Garvin was transferring from one nursing facility to another. To facilitate the transfer, Ila needed to verify, for Medicare purposes, that the Policy had no cash-out value and was solely a term policy. When Primerica declined to give Ila the information, she asked for help from Garvin's daughter, Jodi, who was with her father.
- On July 16, 2015, at 2:33 p.m., Garvin, through his daughter Jodi, called Primerica.[11] The inquiry text states: "[Ordered statement] of coverage and no cash value [letter] to fax to the [client] when she faxes the [written request to my attention]." Primerica's records show that it faxed a statement of coverage and no-cash-value letter to the nursing home.[12] Jodi testified in deposition that at Ila's request, she also inquired about the

---

[9] In deposition, Ila did not recall that either she or Garvin received Primerica's letter.
[10] ECF No. 65-8, at 6.
[11] ECF No. 65-8, at 7.
[12] ECF No. 65-8, at 9-10.

beneficiary designation, and Primerica informed her that Betty Jo was the beneficiary. Jodi testified that she informed Ila that Betty Jo was the beneficiary. Ila disputes that she asked Jodi to inquire about the beneficiary, and she claims that Jodi never told her that Betty Jo was the beneficiary.

- On December 8, 2015, Garvin and Ila called Primerica.[13] Primerica's call record lists the inquirers as "Primary: Garvin G Reid" and "Other – Ila/Current Spouse." In deposition, Ila recalled that she and Garvin placed the call because Garvin wanted to make sure that she was the beneficiary. Ila testified that she gave her named to a Primerica representative, who confirmed that she was named as the principal beneficiary but was not named as the insured spouse under the spousal rider. The call record is titled "Multipurpose Change Form" and "Benefits Answered Inquiry." The record does not specify the content of the communication but notes that Primerica sent Garvin a multipurpose change form. Ila testified that Garvin requested the form to make her the Insured Spouse under the spousal rider.

- On March 17, 2016, Garvin called Primerica to report that his address had changed.

- On July 18, 2016, Primerica received a call from an inquirer listed as Betty Jo Reid (spouse)."[14] The record describes the subject of the call as "Change Requests" and "Beneficiary Answered Inquiry." The inquiry text reads: "phone number is updated." A second inquiry texts reads" "[advised] of [beneficiary] on file."[15] Ila testified that Garvin, with her assistance, placed the call and that the call record's reference to "Betty Jo Reid (spouse)" was an error. Ila testified that Garvin made the call because he was going to turn his phone off, and he wanted Primerica to have her phone number and "make sure who the beneficiary on file was."[16] Ila recalls that the operator stated, "You are the beneficiary."[17]

On August 11, 2016, Garvin died. Ila recalls that she reported the death to Primerica's agent John Wood ("Wood"), who told her that Betty Jo was the beneficiary.

---

[13] ECF No. 65-8, at
[14] ECF No. 65-8, at 14-16.
[15] ECF No., 68-5, at 16.
[16] ECF No. 58-5, at 17.
[17] Id.

7

Subsequently, however, an adjuster reviewed the Policy file and decided that Ila and Betty Jo were the same person, which caused Primerica to send claim forms to both women. Wood noticed the error and informed the claims office that Betty Jo and Ila were separate people, which caused Primerica to conduct a second review. This time, Primerica determined that Betty Jo was the beneficiary on file. However, both Ila and Betty Jo had submitted written claims for the policy proceeds and each retained an attorney. Given the competing claims, Primerica put a hold on the claims process and commenced this action for interpleader on April 25, 2017.

**III.**

Ila and Betty Jo have filed cross motions for summary judgment, each claiming entitlement to the Policy proceeds. The parties stipulate, and the Court agrees, that Arkansas law governs substantive issues in this case.[18] Arkansas follows the doctrine of substantial compliance, which dictates that where "the insured has done everything reasonably possible to effect a change in beneficiary, a court of equity will decree that to be done which ought to be done." *Tibbels v. Tibbels*, 232 Ark. 857, 859, 340 S.W.2d 590, 592 (1960).

In April 2002, Primerica provided Garvin a multipurpose change form that he completed and returned to Primerica for the purposes of (1) changing the principal

---

[18] **Error! Main Document Only.** When federal jurisdiction is based on diversity of citizenship, a federal court looks to the choice-of-law principles of the forum state–in this case Arkansas--and applies those principles as the forum state would. *Simpson v. Liberty Mut. Ins. Co.*, 28 F.3d 763, 764 (8th Cir. 1994). In contract actions, when the agreement does not specify the law to be applied, Arkansas courts apply the "significant contacts" test, which requires an inquiry into the nature and quantity of each state's contacts with the transaction at issue. *Fuller v. Hartford Life Ins. Co.*, 281 F.3d 704, 706 (8th Cir. 2002); *Southern Farm Bureau Casualty Ins. Co. V. Craven*, 79 Ark. App. 423, 89 S.W.3d 369 (2002). The parties agree that Arkansas has the most significant contacts in this case, as Arkansas was the place of contracting, the home of the insured, and the place of performance.

8

beneficiary from Betty Jo to Ila and (2) changing the named spouse on the spousal rider to Ila. Garvin did everything reasonably possible to effect a change in beneficiary, leaving only a ministerial act on the part of Primerica to complete the change. Primerica's letter to Garvin, requesting legal documents showing a name change, indicates that it erroneously concluded that because Garvin completed the "NAME CHANGE" portion of the form, indicating that he wanted to change the name of his spouse on the spousal rider, he submitted the form only to give notice that his wife had changed her first name from Betty Jo to Ila. However, in a distinctly separate portion of the multipurpose change form titled "CHANGE BENEFICIARY," Garvin plainly indicated that he was changing the primary beneficiary to Ila Elaine Reid. And as the form required, Garvin supplied Ila's social security number and her birthdate, which would distinguish her from Betty Jo.

Betty Jo does not dispute that Garvin intended to make Ila the Policy beneficiary, but she argues that the change form he submitted to Primerica, "is nothing more than a mere announcement of a desire or preference to change his beneficiary."[19] According to Linda Allison, a senior claims adjustor for Primerica, Primerica will change a beneficiary upon the receipt of a signed and dated written request and "of course, the person's name that is supposed to be the beneficiary."[20] Furthermore, neither Betty Jo nor Primerica point to Policy terms that would require additional action on the part of Garvin to change the primary beneficiary. The undisputed evidence shows that Garvin

---

[19]ECF No. 67 at 14.
[20]ECF No. 58-15, at 89-90.

9

intended to change the primary beneficiary of the Policy to his wife, Ila, and that he did everything reasonably possible to make that change. Because Garvin substantially complied with the Policy's change-of-beneficiary provision, the Court finds that Ila Reid is entitled to judgment in her favor as to the insurance proceeds.

## IV.

After Primerica instituted this interpleader action, Ila counterclaimed for breach of contract, seeking damages, a statutory penalty under Ark. Code. Ann. § 23-29-208, and attorney's fees and costs under Ark. Code. Ann. § 16-22-308. Primerica moves for summary judgment, arguing that it cannot be held liable for submitting competing claims for resolution as the law allows. The Court agrees.

The interpleader statute, 28 U.S.C. § 1335, and Rule 22 of the Federal Rules of Civil Procedure are designed to protect stakeholders from double liability and plurality of suits, and a stakeholder's failure to choose between adverse claims cannot, without more, amount to the breach of a legal duty. *See Dakota Livestock Co. v. Keim*, 552 F.2d 1302, 1306 (8th Cir. 1977). In support of her counterclaim, Ila alleged that Primerica processed Garvin's April 2002 change of beneficiary request. She further alleged that Primerica repeatedly confirmed that she was the Policy beneficiary and then failed to act in good faith and caused the existence of competing claims. The Court found Ila's allegations enough to state a cause of action for breach of contract, collateral to the competing claims for the Policy proceeds, and permitted the counterclaim to proceed.

The undisputed record now shows that Primerica did not process Garvin's change request. Furthermore, it is undisputed that Primerica was faced with colorable,

10

competing claims for the Policy proceeds. Primerica investigated the claims, but remained in doubt as to whom to pay, and after learning that the claimants could not reach agreement, Primerica properly filed a complaint in interpleader. "[W]here a stakeholder is allowed to bring an interpleader action, rather than choosing between adverse claims, its failure to choose between the adverse claimants (rather than bringing an interpleader action) cannot itself be a breach of a legal duty.'" *Sun Life Assur. Co. of Canada v. Nelson*, No. 5:15CV00023 JLH, 2015 WL 3442178, at * 2 (E.D. Ark. May 28, 2015)(quoting *Prudential Ins. Co. of America v. Hovis*, 553 F.3d 258, 265 (3rd Cir. 2009)). Given the undisputed facts, Primerica cannot be held liable for instituting an interpleader action rather than paying the Policy proceeds to Ila.

V.

For the reasons stated, the Court finds that Defendant Ila Elaine Reid is entitled to the proceeds of the Policy. IT IS THEREFORE ORDERED that Defendant Reid's motion for summary judgment [ECF No. 69] is GRANTED; and Defendant Betty Jo Woodall's motion for summary judgment [ECF No. 65] is DENIED.

IT IS FURTHER ORDERED that Primerica's motion for summary judgment [ECF No. 58] is GRANTED, and the Counterclaim by Defendant Reid is DISMISSED WITH PREJDUICE.

IT IS SO ORDERED THIS 3RD DAY OF JUNE, 2019.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE