## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

PRIMERICA LIFE INSURANCE     *
COMPANY     *
                 PLAINTIFF    *
    *
V.     *       CASE NO.  4:17CV00272 SWW
    *
    *
BETTY JO WOODALL and ILA    *
ELAINE REID     *
           DEFENDANTS    *

## ORDER

Primerica Life Insurance Company ("Primerica") filed this interpleader

action pursuant to Rule 22 of the Federal Rules of Civil Procedure[1] for resolution

of competing claims to life insurance proceeds by Betty Jo Woodall ("Betty Jo")

and Ila Elaine Reid ("Ila Elaine").  Ila Elaine counterclaimed, charging Primerica

with breach of contract, and each party moved for summary judgment.  The Court

awarded the life insurance proceeds to Ila Elaine but found that the interpleader

action was properly instituted, which shielded Primerica from liability on Ila

---

[1]Federal interpleader, whether under Rule 22 or 28 U.S.C. § 1335, "[is]
designed to protect stakeholders not only from double or plural liability but also
from duality or plurality of suits, and both the statute and the rule are to be
construed liberally." *Dakota Livestock Co. v. Keim*, 552 F.2d 1302, 1306 (8th Cir.
1977) (citing *Gaines v. Sunray Oil Co*., 539 F.2d 1136 (8th Cir. 1976) and
*Underwriters at Lloyd's v. Nichols*, 363 F.2d 357 (8th Cir. 1966)).

1

Elaine's counterclaim. Ila Elaine appealed, and the Eighth Circuit remanded for a fault determination by this Court. After careful consideration, and for reasons that follow, the Court finds that while Primerica is not without blame in events that led to the competing claims in this case, it did not breach equitable standards of conduct and is not barred from the protection that interpleader affords. The Court therefore grants summary judgment in Primerica's favor on the counterclaim.

## I. Factual Background[2]

In 1986, Primerica issued a life insurance policy (the "Policy") to Garvin Reid ("Mr. Reid"), insuring his life in the face amount of $100,000. The Policy included a spousal rider, under which Mr. Reid would receive a $50,000 payment, if alive, upon the death of the "insured spouse," defined as "the spouse of the insured named in the application for this Rider."[3] When Primerica issued the Policy, Betty Jo was named as the principal beneficiary of the life insurance benefits, and she was also named as Mr. Reid's spouse in the application for life insurance and a spousal rider.[4]

---

[2]The Court recounts the same undisputed facts cited in the Court's summary judgment order entered on June 3, 2019, which were not challenged on appeal.

[3]ECF No. 1, at 23.

[4]ECF No. 1, at 30.

Mr. Reid and Betty Jo divorced in 1992, and Mr. Reid married Ila Elaine in 1993.  In October 2001, Mr. Reid contacted Primerica to confirm the identity of the Policy beneficiary, and by letter dated October 5, 2001, Primerica informed him that Betty Jo Reid was listed as the principal beneficiary.

In April 2002, at Mr. Reid's request, Primerica mailed him a multipurpose change form that contained three main sections labeled as follows:  Name Change, Transfer Ownership, and Change Beneficiary.  The "Change Beneficiary" section contained three subheadings:  Principal Beneficiary, Contingent Beneficiary, and Spouse Rider Beneficiary.  Later that month, Primerica received a completed multipurpose change form, dated April 21, 2002, signed by Mr. Reid, Ila Elaine, and two witnesses.[5]  Mr. Reid had completed *both* the Name Change and Change Beneficiary sections of the form.  In the Name Change section, a handwritten checkmark appeared beside the preprinted selection "Insured Spouse."  "Betty Reid" was written on a line reserved for "Prior Name," "Ila Elaine Reid" was written on a line reserved for "New Name," and "marriage" was written on a line reserved for "Reason for Change."[6]

---

[5]ECF No. 58-3.

[6]ECF No. 58-3.

In the Change Beneficiary section of the form, the name "Ila Elaine Reid" was handwritten on a line reserved for the "Principal Beneficiary," the number "100" appeared on a line reserved for beneficiary percentage allocation,[7] and the word "wife" was written on a line reserved for relationship to the insured.  Mr. Reid also supplied Ila's social security number and birth date, as the form required.

Primerica mailed the following letter, dated May 6, 2002, to Mr. Reid's address:

> Dear Policyholder:
>
> We have received your request to process a change on your policy. Unfortunately, we were unable to complete this request without the additional information listed below.
>
> We will need a copy of all legal documents stating that a name change has taken place. Please resubmit all legal documents along with the enclosed form for processing.
>
> If changes are made to the original document(s), they must be initialed and dated by the policy owner.  If you have any questions regarding this matter, please call our toll-free Client Services Line.

Primerica never received a written response to its letter,[8] and it did not change the Principal Beneficiary or Insured Spouse designations after receiving Mr. Reid's change form.

---

[7]ECF Nos. 58-3 and 91.

[8]In deposition, Ila did not recall that either she or Garvin received Primerica's letter.

4

Mr. Reid died on August 11, 2016, and Ila Elaine reported the death to Primerica's agent John Leonard Wood.  Subsequently, an adjuster reviewed the Policy file and concluded that based on a "name change on file," Ila Elaine and Betty Jo were the same person,[9] which caused Primerica to send claim forms to both women.  Wood noticed the error and informed the claims office that Betty Jo and Ila Elaine were separate people, which caused Primerica to conduct a second review.  This time, Primerica determined that Betty Jo was the beneficiary on file.  However, both Ila Elaine and Betty Jo claimed entitlement to the Policy proceeds and were unable to settle the dispute among themselves.

## II.  Procedural Background

Faced with competing claims, Primerica filed a complaint for interpleader under Rule 22.  Ila Elaine counterclaimed for breach of contract, seeking damages, attorney fees, costs, and a 12% statutory penalty for wrongful failure to pay insurance proceeds in a timely manner.  Ila Elaine claimed that Primerica failed to perform its contractual duties in good faith.  Contrary to Primerica's allegations, she alleged that Primerica provided no written response to the change form that Mr. Reid submitted in 2002 and that Primerica informed her in telephone conversations that she was the Policy beneficiary.

---

[9]ECF No. 58-9, at 2.

In determining whether to allow interpleader, the Court found that Primerica had alleged facts showing colorable adverse claims to the Policy proceeds and was therefore entitled to deposit the Policy proceeds into the registry of the Court. However, the Court declined to discharge Primerica from further liability at that early stage in the case.

Ila Elaine and Betty Jo moved for summary judgment as to the Policy proceeds and Ila Elaine and Primerica filed cross motions for summary judgment on the counterclaim. The Court determined the merits of the competing claims first, based on the undisputed record and Arkansas law. The Court found that by completing the "Name Change" and "Change Beneficiary" portions of the change form, Mr. Reid had attempted to (1) change the named spouse on the spousal rider from Betty Jo to Ila Elaine and (2) change the principal beneficiary of the life insurance proceeds from Betty Jo to Ila Elaine. The Court further found that Primerica's response letter indicated that it had erroneously concluded that Mr. Reid submitted the change form *only* for the purpose of reporting that his wife had changed her name from Betty Jo to Ila Elaine, and Primerica never changed the primary beneficiary to Ila Elaine. Finally, following the doctrine of substantial compliance adopted by Arkansas courts, Court found that Mr. Reid had done everything possible to change the primary beneficiary to Ila Elaine, and Ila Elaine was therefore entitled to the life insurance proceeds.

Next, the Court granted Primerica's motion for summary judgment as to Ila Elaine's counterclaim, finding that despite Primerica's failure to process Mr. Reid's change request, it could not be held liable for properly initiating an interpleader action.

Ila Elaine appealed this Court's decision regarding her counterclaim, arguing that Primerica did not qualify as a blameless stakeholder and was therefore not shielded from liability on her counterclaim.  The Eighth Circuit remanded the case for a fault determination, explaining that "there is an active dispute on appeal regarding whether the competing claims to Garvin's insurance proceeds arose because of Primerica's failure to process the 2002 Multipurpose Change Form or because of Garvin's failure to respond with Primerica sought more information in 2002." *Primerica Life Ins. Co. v. Woodall*, 975 F.3d 697, 700 (8th Cir. 2020).

### III.  Discussion

In remanding this case, the Court of Appeals acknowledged that it has not previously required a fault determination in the interpleader context, but it stressed the equitable nature of interpleader and pointed to Eighth Circuit precedent holding that "one seeking equitable relief must do equity and come into court with clean hands." *Primerica Life Ins. Co.,* 975 F.3d at 699 (citing *Great Am. Ins. Co. v.*

*Bank of Bellevue*, 366 F.2d 289, 293 (8th Cir. 1966)).[10]   At the same time, the

Court of Appeals noted that "[t]he equitable doctrine of 'clean hands' does not

---

[10]The facts in *Great Am. Ins. Co. v. Bank of Bellevue*, 366 F.2d 289, 293 (8th Cir. 1966) demonstrate the type of inequitable conduct that bars a party from using interpleader as a shield against counterclaims.  In that case, Great American Insurance Company ("Great American") served as surety on two separate bonds covering the business activities of a car dealership for 1961 and 1962.  During the time period covered under the bonds, the dealership engaged in fraudulent sales and financing transactions, which resulted in multiple legal claims.  As a result, Great American commenced an interpleader action with respect to the bond covering Layne's 1962 business activities, but it failed to identify the second bond, which covered the dealership's 1961 transactions.

Great American interpleaded multiple defendants with combined claims that exceeded the face value of the 1962 bond.  And contrary to the truth, Great American presented an affidavit stating that it had not issued any other bond covering the car dealership's business activities.  The claimants agreed that any claims that arose from 1961 transactions would be dismissed without prejudice to seeking relief under any other bond, and the district court approved the stipulation and entered judgment accordingly.  Great American appealed, asserting that the district court erred in dismissing claims without prejudice.

On appeal, the Eighth Circuit noted that interpleader is an equitable remedy, "and the equitable doctrine that one seeking equitable relief must do equity and come into court with clean hands is applicable." *Great American Ins. Co.,* 366 F.2d at 293 (citation omitted).  Because Great American attempted to subvert the interpleader remedy as a "weapon to defeat recovery from funds other than the one before the court[,]" *Id.* at 294, the Eighth Circuit held that the district court correctly confined the final judgment to losses applicable to the 1962 bond.

'demand that its suitors shall have led blameless lives,' but 'it does require that they shall have acted fairly,' in the matters at hand." *Id.* (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814, 65 S. Ct. 993 (1945)).  The Court further cautioned that "[t]his principle must be applied cautiously, mindful that interpleader 'should be permitted liberally.'"  *Id.* (quoting *Douglas-Guardian Warehouse Corp. v. Ramy Seed Co.*, 271 F.2d 24, 28 (8th Cir. 1959)).

After careful consideration, this Court finds that Primerica shares fault in the events that lead to the competing claims between Betty Jo and Ila Elaine but that Primerica did not engage in inequitable misconduct that precludes discharge from liability.

Primerica's erroneous conclusion that Mr. Reid submitted the change form for the sole purpose of reporting a name change was ill-considered and, arguably, unreasonable.  Mr. Reid's intent was not crystal clear and he mistakenly completed the "Name Change" portion of the form, which precipitated Primerica's misunderstanding.  However, the "Name Change" and "Change Beneficiary" sections of the form were distinctly separate, and Mr. Reid completed the "Change Beneficiary" section correctly, supplying Ila Elaine's social security number and her date of birth.  Betty Jo's birth date was recorded on Mr. Reid's insurance

application, and if Primerica had investigated its files, it might have discovered that Betty Jo and Ila Elaine were two separate people. Compounding the muddle, Mr. Reid did not respond to Primerica's request for more information, which resulted in Primerica taking no action on the requested changes.

This confluence of errors ultimately gave rise to the competing claims underlying this interpleader action. While Primerica is not without blame, the Court does not find that its missteps were in bad faith or transgressed equitable standards of conduct. As explained by the Third Circuit in *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258 (3d Cir. 2009), "the rule that bars a party from obtaining interpleader relief when it caused the underlying controlling controversy is not geared toward [a] situation . . . in which the stakeholder's own errors are responsible for the ownership dispute . . . .  Rather, that rule is meant to prevent a tortfeasor, facing claims from multiple parties, from using the interpleader device to cap its liability." *Hovis*, 553 F.3d at 263 n.4 (citing *Farmers Irrigating Ditch & Reservoir Co. v. Kane*, 845 F.2d 229, 232 (10th Cir. 1988)).

## IV.  Conclusion

In remanding this case, the Eighth Circuit instructed that resolution of the fault dispute would ultimately determine whether Primerica is entitled to defeat Reid's counterclaims at the summary judgment stage. Given this Court's finding

on the fault issue, the Court finds that Primerica is entitled to summary judgment on Ila Elaine's counterclaims.

IT IS THEREFORE ORDERED that, pursuant to the judgment entered together with this order, summary judgment is granted in favor of Plaintiff Primerica Life Insurance Company on the counterclaim by Defendant Ila Elaine Reid.  The counterclaim is dismissed with prejudice.

IT IS SO ORDERED THIS 4TH DAY OF JANUARY, 2021.

Susan Webber Wright
UNITED STATES DISTRICT JUDGE